UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

TEOBALDO CANCEL-RUIZ,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 11-1078 (JAF)

(Crim. No. 03-52)

**OPINION AND ORDER**

Petitioner, Teobaldo Cancel-Ruiz, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights. (Docket Nos. 1; 1-1.) The Government opposes, (Docket No. 8), and Petitioner replies (Docket No. 9).

**I.**

**Factual and Procedural Summary**

On May 16, 2003, Petitioner entered into an agreement with the Government to plead guilty to one count of conspiracy to distribute at least fifteen (15) kilograms, but less than fifty (50) kilograms of cocaine. (Crim. No. 03-52, Docket Nos. 23; 30.) On October 3, 2003, this court sentenced Petitioner to an imprisonment term of two-hundred ninety-two (292) months, and a supervised release term of five years. (Crim. No. 03-52, Docket No. 30.) Petitioner then appealed the sentence, raising a variety of challenges. (Crim. No. 03-52, Docket No. 32.) The First Circuit Court of Appeals rejected all of Petitioner's

Civil No. 11-1078 (JAF) -2-

arguments except for one: Namely, that Petitioner's prior contempt of court conviction should not have been used to calculate Petitioner's criminal history category. (Crim. No. 03-52, Docket No. 42; United States v. Cancel-Ruiz, Appeal No. 03-2589, unpublished order.) On remand, in March 2006, we then amended our judgment to reflect Petitioner's correct criminal history category, reducing Petitioner's term by thirty months, for a total of two-hundred sixty two (262) months. (Crim. No. 03-52, Docket No. 49.)

More than four years and nine months later, Petitioner filed this § 2255 motion. (Docket No. 1-1.) In his motion, Petitioner acknowledges his failure to timely file his motion within § 2255(f)'s one-year limitations period, but argues that equitable tolling should save his claim. (Docket No. 1-1 at 2, 4.) The government, in addition to challenging the merits of Petitioner's arguments, responds that equitable tolling is not warranted in this case. (Docket No. 8.)

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id.

In general, a petitioner cannot be granted relief on a claim that was not raised at trial or on direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Claims of

Civil No. 11-1078 (JAF)                                                                                              -3-

ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III.

## Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner claims that equitable tolling is warranted because "there has been no intentional waiver and/or relinquishing of his constitutional rights." (Docket No. 1-1 at 2.) Later in his memorandum, Petitioner argues that the reason he did not timely file his § 2255 motion was because his attorney informed him that it would be useless to do so. (Docket Nos. 1-1 at 4; 9 at 3.) For the reasons set out below, we think Plaintiff has failed to show that equitable tolling is appropriate in this case.

In a recent case, the First Circuit decided that as a matter of first impression, the one-year limitations period in § 2255(f) was subject to equitable tolling. United States v. Ramos-Martinez, 638 F.3d 315, 322 (1st Cir. 2011). In that decision, the First Circuit also articulated some "general principles" for courts to consider when deciding whether to grant equitable tolling. Id. We repeat some of those here.

Civil No. 11-1078 (JAF) -4-

To begin with, a court's power to invoke equitable tolling should be used only "sparingly."  Id. (quoting Holland v. United States, 130 S.Ct. 2549, 2563 (2010)). Moreover, a "habeas petitioner bears the burden of establishing the basis for equitable tolling." Id. (quoting Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2007)).  To satisfy this burden, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (quoting Holland, 130 S.Ct. at 2562) (internal quotations and citations omitted). A court's inquiry should be fact intensive, made on a case-by-case basis.  Id.

"Equitable tolling is not intended as a device to rescue those who inexcusably sleep upon their rights." Id. at 323. Consistent with this principle, a grant of equitable tolling will normally require a finding of "extraordinary circumstances." Id. at 323 (citing Riva, 615 F.3d at 39).  A petitioner seeking equitable tolling must also show that he exercised "reasonable diligence" to protect his own rights. Id. at 323-24.  This standard does not demand, however, "a showing that the petitioner left no stone unturned." Id. at 324 (citing Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003).

On this record, we think it fairly easy to say that Petitioner's arguments for equitable tolling come up short.  In this case, the conviction became final in March 2006, after we entered our final amended judgment in Petitioner's case. (Crim. No. 03-52, Docket No. 49.) The one-year limitations period then expired in March 2007.  Petitioner then waited more than three years and nine months before filing the present motion, in January 2011. (Crim. No. 03-52, Docket No. 54.)  There are no other docket entries in Petitioner's criminal case

Civil No. 11-1078 (JAF)                                                                                                    -5-

that suggest Petitioner was exercising "reasonable diligence" to protect his rights during that time. Ramos-Martinez, 638 F.3d at 323. On the contrary, the only thing we can surmise from this nearly four-year period is that Plaintiff used this time to "inexcusably sleep upon [his] rights." Id. Petitioner provides no adequate explanation for this nearly four-year delay in his brief. (Docket Nos. 1-1; 9.) He states that he diligently prepared his § 2255 motion after recognizing the legal and constitutional errors in his case. (Docket No. 9 at 4.) But, Petitioner's "failure to contemplate" his claim earlier is "neither an extraordinary circumstance, nor a circumstance which was out of [his] hands."[1] Barreto-Barreto v. United States, 551 F.3d 95, 101 (1st Cir. 2008).

Because we decline to toll § 2255(f)'s one-year limitations period, Plaintiff's failure to timely file his § 2255 motion dooms his claim.[2]

## IV.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment

---

[1] To the extent that Petitioner argues that attorney misconduct or error justifies equitable tolling, this claim is also without merit. Barreto-Barreto, 551 F.3d at 101 n.5 (noting that attorney error may justify equitable tolling where error is "egregious," or in death penalty cases) (citations omitted).

[2] Our dismissal of Petitioner's motion on timeliness grounds makes it unnecessary to address the government's other arguments regarding the substantive merits of Petitioner's claim.

Civil No. 11-1078 (JAF) -6-

of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.
## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 24th day of October, 2012.

                                                      s/José Antonio Fusté
                                                     JOSE ANTONIO FUSTE
                                                     United States District Judge