UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

TEOBALDO CANCEL-RUIZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 11-1078 (JAF)

(Criminal No. 03-52)

**OPINION AND ORDER**

Petitioner, Teobaldo Cancel-Ruiz, brings what he calls a "request for relief from judgment." (Docket No. 15.) In October 2012, we entered an order denying Petitioner's motion under 28 U.S.C. § 2255. (Docket Nos. 1-1; 13.) Petitioner requests relief from that judgment. We deny his motion.

**I.**

**Factual and Procedural Summary**

On May 16, 2003, Petitioner entered into an agreement with the Government to plead guilty to one count of conspiracy to distribute at least fifteen (15) kilograms, but less than fifty (50) kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a) and 860. (Crim. No. 03-52, Docket Nos. 23; 24; 30.) On October 3, 2003, Petitioner was sentenced to an imprisonment term of two-hundred and ninety-two (292) months, and a supervised release term of five years. (Crim. No. 03-52, Docket No. 30.) Petitioner then appealed the sentence, raising a variety of challenges. (Crim. No. 03-52, Docket No. 32.) The Court of Appeals rejected all of Petitioner's arguments except one, holding that Petitioner's prior contempt of court conviction should not

Civil No. 11-1078 (JAF) -2-

have been used to calculate Petitioner's criminal history category. (Crim. No. 03-52, Docket No.42.) On remand, we then amended our judgment to reflect Petitioner's correct criminal history category, reducing Petitioner's term by thirty months, for a total of two-hundred and sixty-two (262) months. (Crim. No. 03-52, Docket No. 49.)

More than three years and nine months later, Petitioner filed his § 2255 motion. (Docket No. 1-1.) In his motion, Petitioner acknowledged his failure to timely file his motion within the one-year limitations period, see § 2255(f), but argued that the limitations period should be tolled. (Docket No. 1-1 at 2, 4.) We disagreed and denied his motion, finding no reason to invoke equitable tolling. (Docket No. 13.)

Petitioner then filed this motion for relief, arguing for retroactive application of the Supreme Court's decisions in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), and Holland v. Florida, 130 S.Ct. 2549 (2010). Petitioner argues that the government's failure to file a notice of enhancement under 21 U.S.C. § 851 entitles him to relief. (Docket No. 15.) Petitioner is mistaken.

## II.
## **Legal Analysis**

Under 28 U.S.C. § 2255(f)(3), a prisoner may file a habeas motion within one year of the defendant's judgment of conviction or, as applicable here, within one year of

> [t]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2255(f)(3).

Civil No. 11-1078 (JAF)                                                                                          -3-

If the cases cited by Petitioner did apply to his case retroactively, his motion filed on January 25, 2011, could be deemed timely, as it was within one year of the Supreme Court's decision in <u>Carachuri</u>, 130 S.Ct. 2577. The decision in that case was announced on June 14, 2010. <u>Id.</u> <u>Carachuri</u>, however, does not apply to the facts of Petitioner's case. In <u>Carachuri</u>, the Court held that when a prosecutor seeks an enhancement of a statutory minimum or maximum penalty, § 851 imposes a set of "mandatory prerequisites to obtaining a punishment based on the fact of a prior conviction." <u>United States v. Curet</u>, 670 F.3d 296, 299 (1st Cir. 2012) (quoting <u>Carachuri</u>, 130 S.Ct. at 2582). But <u>Carachuri</u> does not apply to Petitioner's case, because there was no effort by the prosecution to seek an enhancement of Petitioner's sentence. <u>United States v. Curet</u>, 670 F.3d at 302 n.5 (1st Cir. 2012). Petitioner's sentence of 262 months was within the normal statutory and guidelines range for his offense. (See S.H. Trans. at 5, Cr. No. 03-52, Docket No. 40.)

As the First Circuit has explained in a post-<u>Carachuri</u> opinion, "§ 851 is triggered only by enhancements to defendants' statutory minimum or maximum penalties under that part, and not to increases in defendants' guidelines ranges based on the fact of prior convictions." <u>Curet</u>, 670 F.3d at 302 n.5 (citing <u>United States v. Sanchez</u>, 917 F.2d 607, 616 (1st Cir. 1990)). Petitioner received a sentence within the normal statutory and guidelines range. (See S.H. Trans. at 5, Cr. No. 03-52, Docket No. 40.) Petitioner's prior convictions were used to adjust his guidelines range, not to adjust the applicable statutory maximum or minimum penalty. (<u>Id.</u>) Therefore, contrary to Petitioner's claims, the government was not required to provide an information under § 851. In the absence of an effort to enhance Petitioner's statutory minimum or maximum penalty, § 851 was never triggered. <u>Curet</u>, 670 F.3d 302 n.5.

Civil No. 11-1078 (JAF) -4-

Moreover, Petitioner has failed to show that Carachuri recognized a new right that is "retroactively applicable to cases on collateral review." § 2255(f)(3). See United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (explaining that the procedural rule in Carachuri did not recognize a new right retroactively applicable on collateral review); Fields v. Warden, FCC Coleman-USP 1, 2012 WL 2924020, No. 11-14997 (11th Cir. July 19, 2012) (denying § 2255 motion, finding that petitioner failed to show that Carachuri is retroactive).

Finally, we address Petitioner's fleeting reference to Holland v. Florida. In Holland, the Supreme Court held that a petitioner under § 2255 is "entitled to equitable tolling" if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. 130 S.Ct. at 2562. In our previous order, we already explained that Petitioner failed to meet either prong of this two-part showing. (Docket No. 15.) Therefore, Holland is of no help to Petitioner either. For these reasons, Petitioner's motion will be denied.

### III.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We see no way in which a reasonable jurist could find

Civil No. 11-1078 (JAF) -5-

our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## IV.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's motion requesting relief from judgment (Docket No. 15).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 13th day of February, 2013.

                                                                     s/José Antonio Fusté
JOSE ANTONIO FUSTE
United States District Judge