1               UNITED STATES DISTRICT COURT
2                DISTRICT OF PUERTO RICO

3    TEOBALDO CANCEL-RUIZ,

4        Plaintiff,                         Civil No. 11-1078 (JAF)

5        v.                             (Crim. No. 03-52)

6    UNITED STATES OF AMERICA,

7        Defendant.

8

9

10                   **OPINION AND ORDER**

11       Petitioner, Teobaldo Cancel-Ruiz, brings this pro-se petition for a certificate of

12   appealability ("COA").  (Docket No. 17.)  For the following reasons, we deny his motion.

13                            **I.**

14                    **Background**

15       On October 13, 2012, we denied Petitioner's motion under 28 U.S.C. § 2255.

16   (Docket No. 13.)  In our opinion, we found that Petitioner had filed his § 2255 motion more

17   than three years and nine months after the one-year limitations period of § 2255(f) had

18   elapsed.  (Docket No. 13 at 2.)   We found that the "extraordinary circumstances" required

19   to invoke equitable tolling were not present in Petitioner's case, noting that Petitioner had

20   failed to carry his burden of demonstrating that he had been "1) pursuing his rights

21   diligently, and 2) that some extraordinary circumstance stood in his way and prevented

22   timely filing." Id. at 4 (quoting United States v. Ramos-Martinez, 638 F.3d 315, 322 (1st

Civil No. 11-1078 (JAF)                                                                              -2-

1    Cir. 2011)).   Therefore, we denied Petitioner's § 2255 motion for relief on timeliness

2    grounds.  (Docket No. 13 at 5.)  Petitioner then filed a motion for reconsideration.  (Docket

3    No. 15.)  We denied that motion.  (Docket No. 16.)    Petitioner now brings a motion for a

4    COA.  (Docket No. 17.)  For the reasons that follow, we deny this motion as well.

5                                                   **II.**

6                                              **<u>Analysis</u>**

7          In our earlier orders denying his § 2255 motion and his motion for reconsideration,

8    we denied Petitioner a COA, pursuant to Rule 11 of the Rules Governing Rules Governing

9    Section 2254 and 2255 Cases (hereinafter "Rules Governing § 2255 Cases").   (Docket

10   Nos. 13, 16.)  Petitioner argues that we mistakenly denied a COA without first considering

11   his arguments in favor of one.  (Docket No. 17 at 1.)  The plain text of Rule 11 shows that

12   Petitioner's argument is mistaken.

13         Rule 11 provides that "[t]he district court must issue or deny a certificate of

14   appealability when it enters a final order adverse to the applicant.  Before entering the final

15   order, the court <u>may</u> direct parties to submit arguments on whether a certificate should

16   issue." Rules Governing § 2255 Cases, Rule 11(a) (emphasis added).   Thus, we were under

17   no obligation to consider Petitioner's arguments in favor of a COA before denying him one.

18         Petitioner now presents four arguments that he should be granted a COA.  He argues

19   that in our previous orders we erred in the following ways: 1) by dismissing his § 2255

20   motion as untimely without reaching the merits; 2) by finding that <u>Carachuri-Rosendo v.</u>

21   <u>Holder</u>, 130 S.Ct. 2577 (2010), did not apply to his case; 3) by failing to determine whether

Civil No. 11-1078 (JAF)                                                                    -3-

1   Carachuri was retroactive; and 4) by failing to address the merits of his claim under Holland

2   v. Florida, 130 S.Ct. 2549 (2010), and failing to determine whether that case was

3   retroactive.  (Docket No. 17 at 4-6.)  Each of these arguments is without merit.

4          We grant a COA only upon "a substantial showing of the denial of a constitutional

5   right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must demonstrate

6   that reasonable jurists would find the district court's assessment of the constitutional claims

7   debatable or wrong."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v.

8   McDaniel, 529 U.S. 473, 484 (2000)).

9          The Supreme Court has also made clear that, notwithstanding the express language in

10  § 2253 about "a constitutional right," that language is not to be interpreted to mean "only

11  constitutional rulings may be appealed."  See Patrick v. United States, 298 F.Supp.2d 206,

12  212 (D.Mass. 2004) (quoting Slack, 529 U.S. at 483).  When the Petitioner's § 2255 motion

13  is denied on procedural grounds, as it was here, a modified standard applies.  In Slack, the

14  Supreme Court held:

15                 When the district court denies a habeas petition on procedural
16                 grounds    without    reaching    the    prisoner's    underlying
17                 constitutional claim, a COA should issue when the prisoner
18                 shows, at least, that jurists of reason would find it debatable
19                 whether the petition states a valid claim of the denial of a
20                 constitutional right and that jurists of reason would find it
21                 debatable    whether    the    district    court    was    correct    in    its
22                 procedural ruling.
23
24  Id. at 484.

1    Under these standards, each of Petitioner's remaining four arguments fail.  First, we

2    see no way in which "jurists of reason would find it debatable" whether we were correct in

3    denying Petitioner's § 2255 motion on procedural grounds.   Slack, 529 U.S. at 484.

4    Petitioner's motion was filed more than three years and nine months after § 2255(f)'s one-

5    year limitations period expired.    Petitioner had the burden of demonstrating that

6    "extraordinary circumstances" warranted equitable tolling.  Ramos-Martinez, 638 F.3d at

7    323-24 (citations omitted).  Faced with that burden, he made no showing that he exercised

8    "reasonable diligence" during this long period to protect his own rights.  Ramos-Martinez,

9    638 F.3d at 323-324.  Thus, Petitioner's motion was clearly barred by 2255(f)'s limitations

10   period.  (Docket No. 13 at 5.)

11    In his current motion, Petitioner argues that we did not correctly evaluate the merits

12   of his claim under Holland v. United States, 130 S.Ct. 2549, 2563 (2010).  Yet, in his three

13   filings here—his § 2255 motion, his motion for reconsideration, and this motion—he makes

14   no showing that he had been "1) pursuing his rights diligently, and 2) that some

15   extraordinary circumstance stood in his way and prevented timely filing." Holland, 130

16   S.Ct. at 2562.  As we noted in our opinion denying his § 2255 motion, see Docket No. 13 at

17   5, Petitioner's "failure to contemplate" his claim earlier is "neither an extraordinary

18   circumstance, nor a circumstance which was out of [his] hands." Barreto-Barreto v. United

19   States, 551 F.3d 95, 101 (1st Cir. 2008).  Petitioner makes vague references to "attorney

20   misconduct" in his motion, but does not allege anywhere near the type of "extraordinary

21   circumstance" necessary to invoke equitable tolling.  See id. at 101 n.5 (noting that attorney

Civil No. 11-1078 (JAF)                                                    -5-

1    error may justify equitable tolling where attorney error was egregious or in a death-penalty

2    case).

3          We do not see any way in which a reasonable jurist would disagree with our decision

4    that Carachuri does not apply to Petitioner's case. As we explained in our order, Petitioner's

5    argument under Carachuri was foreclosed by clear First Circuit precedent.  (Docket No. 16

6    at 3.)  The First Circuit has held that when a prosecutor seeks an enhancement of a statutory

7    maximum  or  minimum  penalty,  § 851  imposes  a  set  of  "mandatory  prerequisites  to

8    obtaining a punishment based on the fact of a prior conviction."  United States v. Curet, 670

9    F.3d 296, 299 (1st Cir. 1990) (quoting Carachuri, 130 S.Ct. at 2582).   Clearly, then, "§ 851

10   is triggered only by enhancements to defendants' statutory minimum or maximum penalties

11   under that part, and not to increases in defendants' guidelines ranges based on the fact of

12   prior convictions." Curet, 670 F.3d at 302 n.5. As we noted in our earlier order, see Docket

13   No. 16 at 3, Petitioner received no such sentencing enhancement.  Therefore, § 851 and

14   Carachuri do not apply to his case.  In his motion here, Petitioner has provided no argument

15   why this conclusion was incorrect.  (Docket No. 17.)  Nor can we think of any reason.

16         Because Carachuri and Holland clearly do not apply to the facts of Petitioner's case,

17   it was unnecessary to determine whether those cases were retroactive.  Thus, under Rule 11

18   of the Rules Governing § 2255 Cases, we again deny Petitioner a COA.  We see no way in

19   which jurists of reason would find debatable whether Petitioner stated a valid claim of the

20   denial of a constitutional right or whether we were correct in our procedural ruling.  See

21   Slack, 529 U.S. at 484.

Civil No. 11-1078 (JAF)                                                                          -6-

1                                              **III.**

2                                         **<u>Conclusion</u>**

3          For the foregoing reasons, we hereby **DENY** Petitioner's motion for a certificate of

4    appealability.  (Docket No. 17.)

5          **IT IS SO ORDERED.**

6          San Juan, Puerto Rico, this 16th day of April, 2013.

7                                         s/José Antonio Fusté
8                                         JOSE ANTONIO FUSTE
9                                         United States District Judge